Hear ye, hear ye, this Honorable Appellate Court for the 2nd District is now open. The Honorable Justice Joseph E. Burkett presiding, along with Justice Susan F. Hutchinson and Justice Liam C. Brennan. The case is No. 2-180464, People of the State of Illinois, Plaintiff-Appellee vs. Patrick Owens, Defendant-Appellant. Arguing for the Appellant, Josette Skelnick. Arguing for the Appellee, Victoria Joseph. Good morning. Both parties. Ms. Skelnick? Thank you, Your Honor. Good morning, Your Honors. Good morning, Counsel. May it please the Court, my name is Josette Skelnick with the Office of the State Appellate Defender. I'm appearing this morning on behalf of the Defendant-Appellant, Patrick Owens. Patrick Owens was required to register as a sex offender for ten years due to a 2012 misdemeanor conviction for criminal sexual abuse. That conviction was based on him having sexual relations with his now-wife at a time when she was 16 and he was 20. He was convicted in this case of failure to register because in January of 2017, when he appeared in person at the DeKalb Police Department to register a change of address, he signed the bottom of the registration form with a profanity rather than with his true name. In this appeal, we are asking the Court to reverse Mr. Owens' conviction for failure to register because first, the requirement that he sign his full and true name to the registration form does not appear in Section 3 of the Sex Offender Registration Act or SORA, which is the section he was charged with violating. Second, all the information he included on his registration form was otherwise accurate, including in particular, the information that led to the requirement that he re-register, which was his change of address. Third, the police were not deceived or misled in any way as to Mr. Owens' identity or as to his whereabouts, and therefore, the requirements of Section 3 of SORA, as well as the purpose and intent of the Registration Act were satisfied, despite the manner in which he signed his name. Both sides agree that this case presents a question of statutory construction, specifically, a question as to whether a defendant can be convicted under Section 3 of SORA where he has complied with all the requirements of that subsection but has not signed the form with his full and true name, although I would point out he did, on the back of the form, sign his initials on each of the paragraphs on the back of the form. Section 3 sets forth a myriad of information that has to be included on the registration form, including the registrant's name, which appears on the first line of the form, his current address, his phone number, cell phone number, employer name, and phone number, and various other things. The registrant has to appear in person at the time of registration and has to provide a current photograph and current identification. Section 3 also requires, if the registrant is on parole or release, that he provide a copy of the terms or conditions of his release signed by him. That's the only reference in Section 3 to the requirement of a signature by the registrant, but there's no evidence presented at trial that Patrick Owens was on parole or release at the time he registered his change of address. The state's primary argument is that the requirement that the registration form be signed is found at Section 8 of SOAR, which provides, in part, that registration, as required by this article, shall consist of a statement in writing signed by the person giving the information that is required by the Department of State Police. And the state says that Section 8 should be incorporated into Section 3. The state says repeatedly throughout its brief such things as the registration requirements are governed by the Department of State Police, a registrant must comply with registration as required by the Department of State Police, but to the extent the legislature would leave to the Illinois State Police the right to determine when a registrant has committed a felony violation of the act, that's not a proper delegation of authority. If the legislature can't delegate to the state police the authority to determine what acts or omissions by a registrant constitute a felony offense. I think our Supreme Court's decision in People v. Pierce exemplifies the problems that arise when we allow the Illinois State Police to determine what the parameters of a criminal statute are. In Pierce, in reversing Mr. Pierce's conviction for failure to register, the court highlighted the problems that were caused by the fact that the regulations and forms that are issued by the state police are inconsistent with the language used by the legislature in SORA. For example, on the form itself, the terms resident address, or rather resident address and secondary address that are used by the Illinois State Police don't appear in SORA at all, whereas the terms fixed residence and temporary domicile, which are used, excuse me, and defined in SORA, don't appear on the Illinois State Police forms at all. As a result of inconsistencies between the legislative enactment and Illinois State Police regulations, along with the lack of clarity in the act, sorry, which the court noted, the Pierce court found that the defendant was convicted for failure to register for failing to comply with an obligation that did not exist under the legislation, which was the requirement that the state contended he had to re-register his fixed residence after a brief period of time away from that residence. At paragraph 35 of the Pierce decision, the court noted that the terms resident address and secondary address appeared to have been drafted and placed on the SORA registration form by the state police, which caused the confusion that led to the charge. And the court agreed with the dissenting justice from this court in the lower opinion, lower court's opinion, who said that a state agency cannot broaden its authority beyond the confines of the statute. That's what we would be allowing here if we were to incorporate into section three, which is a section that does not include the requirement that the registrant sign his full and true name, the provisions of section eight, which give the Illinois state police the power to determine what constitutes a valid registration. The purpose of the registration act, which the state agrees with, is to assist law enforcement in tracking the whereabouts of sex offenders and to provide information to the police about where the offenders are residing. Patrick Owens not signing his full and true name to the form had no impact on this objective, nor does it undermine the objective in any way. No one is asserting that the substantive information Mr. Owens included in the body of his registration form, his name, his current address, phone number, physical description, et cetera, that that was inaccurate. Nor is there any claim that the police were deceived as to Mr. Owens' identity. They knew the person who was registering was Patrick Owens. He had to appear in person. He had to provide current identification and a current photograph. They knew what his current address was. They had no trouble locating him out in the field when they went to specifically ask him about his signature. His signing the form was a profanity when all the other information was included on the form accurately and when the police were not deceived as to either his identity or his whereabouts did not constitute a failure to register. And finally, I would suggest, Your Honors, that if you deem it appropriate to read into Section 3 the requirement under Section 8 that a registrant sign the SORA form, I believe it would also then be appropriate to read into Section 3 the requirement of materiality, which is found in Section 10 of the Act, which makes it a Class 3 felony to provide material false information to the police. Again, Mr. Owens' signing of the form was other than his full and true name was not which is what he was charged with. He provided true and complete information regarding his change of address along with all the other information that was necessary to monitor him and track his whereabouts and that satisfied the purpose and intent of Section 3. And for these reasons and those that I previously argued, Your Honors, we would ask that this we would ask that Your Honors reverse this conviction. And with that, I am available for questions. Questions? Thank you, Justice Burkett. Ms. Gelnick, I had some trouble hearing everything you said, but I just want to clarify some things in my own head. Do you acknowledge that the signature on the back of the form in that small box is consistent with or in compliance with Section 8 of this Act because a child sex offender is required to sign that he or she understands the conditions of this registration? I'm not quite sure I understand your question. I would point out, first of all, though, that I don't believe Mr. Owens, and I double-checked this because the Act is very difficult to decipher, I don't believe he is a child sex offender. Well, I thought she was 16 at the time and he was 20. Right, but I think that it excludes, and I can't tell you offhand what particular subsection excludes it, but I believe it excludes convictions for the subsection of the criminal sexual abuse statute he was charged with, which is when the defendant is less than five years older than the victim and she is under 18. I don't think he qualifies as a child sex offender, which would create another problem. The real issue, though, might be what it says in very small print in that same box. Sex offender must sign both page 1 and page 2 for registration to be considered valid. Is that statement anywhere in the authority given to the state police by the legislature? It certainly is not in Section 3 at all. I mean, it does say in Section 8 that registration shall consist of a statement in writing signed by the person giving the information required by the Department of State Police, but the problem with that is that information required by the state police, because the legislature is allowing the state police to determine what constitutes a felony violation. For example, Section 3, as I said, contains a very detailed list of what the registrant has to include. If the state police were to say on the form, say, well, we want you to also include the names and ages of everyone who lives in your residence, or we want you to include the names, addresses, and phone numbers of your immediate family, which would have some bearing on the intent of the act, which is to monitor the whereabouts of registered sex offenders and people in the neighborhood or in their family, but it's not something that the legislature requires. So, I think it's expanding Section 3 to allow the state police to say, this isn't a valid registration unless you sign it with your full and true name. Okay, does the signature in any way, the signature of anyone, I'm not talking now just about your client, but does the signature that they're requesting in any way enhance the information that's been received or complete the information that's been received as required by the rest of the form? No, I would say no. It appears, when I looked at the administrative code relating to the Illinois State Police and sex offender registration, it appears that the intent of the state police in requiring the signature relates to the notification of the sex offenders' obligations under the act, that in effect, they're saying, we want you to confirm that you've been notified that you have to register every year, that there's a change of address, you have to show up in But it's not, you know, the signature is not required to be, it's not required to be signed under oath, it's not required to be signed under penalty of perjury. And if there's anything that's false, materially false on this form, the registrant can be prosecuted under Section 10 of the act for providing false material information. This signature, which is not his true and real name, I mean, it's a signature, but certainly it's not his true and real name, it's not material to the rest of the form. All right, at one point, Mr. Owens did say that that was his new signature, didn't he? He said that sarcastically, yes. Okay, now with reference to Pierce, to the best of your knowledge, has the form been modified in any way to reflect the Supreme Court decision? Well, certainly it hadn't been at the time of this form in January 2017, because it still does show on here resident address and secondary address. And those are not terms, I don't know if more recently if the form has changed. It doesn't provide for things like, which was discussed in Pierce, temporary domicile and the fact that you can have more than one fixed residence. So as far as I know, I don't think it has been modified. And to the best of your knowledge, as late as yesterday, there has been no effort by the legislature to change any of the directions to the Illinois State Police on this issue, correct? Not as far as I know, no. Okay, thank you, Ms. Gelnick. And thank you, Justice Burkett. I have no other questions. Thank you, Justice Hutchinson. Justice Brennan. So when I look at duty to register in three, it says a sex offender shall within the time period prescribed register and provide certain information and it gives a litany of information. But then I go to section eight, and it talks about registration and it says registration as required under the article shall consist of a statement in writing signed by the person giving the information. Aren't we obligated to read those two provisions together in determining what registration ultimately entails? And doesn't the legislature specifically say in eight that registration includes the requirement of a signature? Well, it says, shall include consist of a statement in writing signed by the person giving the information required by the Department of State Police. I think reading it as a whole, that's where the problem comes in. Because the state police doesn't have the authority to determine what a violation of the act is. But I'm not reading from the regulations.  Correct. But also, I guess if you're going to incorporate provisions of one section into another section, because this is not a criminal statute as it's set forth in section eight. I think if you're going to incorporate that requirement into section three, then it would also be appropriate to incorporate under section 10, which refers to penalties, the requirement of materiality. Because it didn't, the fact that he signed it without his real name. I mean, he signed it. He did sign it. This wasn't his true name and it wasn't his real name. The police knew it wasn't his true real name. They knew who he was. So in order to effectuate section three, it's not, he didn't fail to register a new address by not signing his true name, by signing something other than his true name. And I believe it would be appropriate in that instance to look at the fact that the legislature also provides that you're guilty of a class three felony in section 10 if you give false material information. I appreciate the materiality argument. It makes sense to me. I just also seem, it also seems to me that it is fair to read three and eight together, but I have no additional questions. Thank you. Thank you. Thank you. Just briefly, Ms. Gilliam, the statute, section three does say, as required by the LNA state police, provide information as required by the LNA state police, correct? Correct. Which is precisely what created the problem in the Pierce case, that the LNA state police were requiring him to include information as to what they called a resident address and a secondary address, which aren't terms that are even included in SORA. So I, and then the section three goes on to, I think what is rectifies the problems with section three is that it does include very specific information as to what has to be included on the registration form, specific information, which does not say, and it has to be signed by the registrant with his full and true name. Okay. A signature on documents, whether it be a driver's license, a bank check, can be utilized by law enforcement as a method of identification, identifying whether or not this John Jones, for example, is the John Jones who had registered at some other location, correct? Um, I don't know that that is typically used for that purpose with respect to the registration form. I mean, that, as I said, that he has to appear in person at the time he registers, he has to give them a current photograph. He has to give them current ID. So I don't know that the signature is what they use to determine if the person who's  my point is that there is some materiality to it because signatures are used as a method of identification by law enforcement all the time. I, in certain circumstances, sure they are. But with respect to the sex offender registration and notification act, they're not really material to that. I would note that if you look at the sex offender registration site for the public, what it includes is a photograph of the defendant on the current address and the description of the offense. It doesn't include a signature. A signature is not necessary for purposes of notifying the public of his whereabouts or the nature of offense. And it wasn't certainly wasn't necessary for the police to locate him and ask him about the signature. But I don't think it's in any way material to the registration form. Thank you, Ms. Skelman. Thank you. Good morning, your honors. Victoria Joseph for the people of the state of Illinois. May it please the court and counsel. Your honors, we are looking at the sex offender registration act and the defendant here was charged under section three, which was the duty to register. As Justice Brennan was pointing out, the duty to register requires a sex offender to register in person. Looking at section eight, section eight. I'm sorry, your honor. The garbage truck decided to pick up right now. The duty to registration as required by the article consists of a statement in writing. This registration in section eight is the definitional article for the overall act. We see both in section three and section six, which includes the duty to report and to register in person. This applies to the overall act. We incorporate the definition into the entire act because we do not read relevant statutory provisions in isolation. They're interpreted together. As counsel pointed out, the statute doesn't cite an offense. Just as you wouldn't charge someone with the definition of penetration in the sex offense, the charge was properly brought under section three. In reading the relevant portions of the act together, the plain language of the act provides for a duty to register. And the act makes clear what is required for the registration. A completed and thus valid registration is a statement in writing signed by the person giving the information. Because of this, the concerns of state agency broadening authority beyond the confines of legislature crafted in the statute that Justice Hutchinson expressed in Pierce, along with the Supreme Court, are not present here. The legislature deferred to police essentially the format by which the registrant provides the accurate information. But the legislature still dictated that the registration had to be signed. It defined registration as the statement in writing signed by the person giving the information. So, the Illinois State Police requiring a signature both on the front and the back of the form, the initials on the provisions does not broaden its authority beyond the confines of the statute which required the form to be signed. The signature was not a delegation to the police to include whatever they wanted to on the form. This is not a separation of power issue where the act does include a reference to a signature or at least the word a signing, a signed writing. So, we do not have the situation in Pierce where there's additional requirements that are not specifically within the act. The act gave fair notice of what is required. It was a signed writing. Both Pierce and Brock have looked at the fact that fulfilling the registration requirements includes signing a completed registration form. Therefore, to complete the registration process, in other words, your duty to register, the signed writing must be generated. The signed writing is important because it is both verifying the accuracy of the information and this importance is twofold. It is not only kept by local law enforcement. The person who may be seeing the ID and the person, the registrant in person may not be the person later reviewing it or looking up the information. It is also sent to other agencies that records the information for access to statewide law enforcement and the public. Again, they are not going to have that firsthand access to the person to verify it is indeed them. We also want to know who signed the form because the signer is now responsible for the information provided and the notice of his future duty to report or register and any consequences of the violation of those duties. This issue notice was presented in Molnar where it found that when the defendant signed in initials the registration form, that notified him of the duties under the act and the violation of the act, which provided sufficient notice and acceptance of these notice provisions. Here we have a person who wrote an expletive on his form. This was not an attempt to comply with the registration by providing a signed writing. There was information to infer this writing was false. In other words, not the defendant's mark. We have the forms from before and after this form, which were less than a month apart on either side. The court could also reject the defendant's explanation to police that this was his new signature. The court could properly reject the mark as an acknowledgement of acceptance or acknowledgement. This was an attempted protest. We're looking at the choice of words themselves, the statement to police that this was his new signature, and a similar form of protest in the photograph of him flipping off the courthouse. So while one can adopt a new signature with a new name, the court properly rejected that this was the defendant's name and this was not his signature on the form. Therefore, it is a mixed standard of review. We are considering both the proper elements of the statute under statutory construction. Once we have determined what elements are proper, the court considers the sufficiency of the evidence under the Cullen standard, looking at reasonable inferences, not substituting judgment for the fact finder on questions involving the weight of evidence and credibility of the witnesses, and looking at whether the writing then provided on the form constituted a signature. And this was a question of fact that the trial court found the form not to be signed. Therefore, your honors, we ask that you uphold the defendant's conviction and sentence, and we are now available for questions. Thank you, Justice Burkett. Ms. Joseph, on page one of the form where the signature appears, it is just a signature, at least as I see it, and a signature of the registering officer. Where exactly on that signature does it acknowledge that I understand my responsibilities to register under this act, which is one of the things you mentioned is the purpose of the signature? That one is not, your honor. That one would be what is verifying the information on the form. The accuracy of the information. But it doesn't say that. It doesn't say that it's by the signature, I verify the information. This isn't a sworn statement. No, your honor. All right. It is just a signature at the bottom of page one. It is. That is correct. Now, on page two, there is, well, there's some things that haven't been filled out, I'm not sure who didn't fill them out, but it does say I have read and or had read to me the above requirements. It has been explained to me, and I understand my duty to register next honor before blank. How exactly does the signature help anybody there? As far as the next registration, it does not, your honor. Other, and I don't, I honestly don't know the requirement as to whether they have to put that every time you change your address as to updating you when the next time if the previous, I know there are yearly, annually reporting requirements, and I know some of the other forms did have the date, so I do not know why that one did not have it. But as far as other duties that the offender had to know, and the fact that the legislature does require a signed writing, so we do need the defendant's signed writing. What does the legislature, okay, what does the legislature require a signed writing for? A signed writing? Yes. For what? That is. For a child sex offender. And do we know that Mr. Owens is a child sex offender? Your honor, I do not read that the first sentence is limited to a child sex offender in section eight. Well, it's to acknowledge what he can and can't do as a child sex offender is generally what it's talking about, correct? Well, the first sentence is the general definition of what a registration under the article consists of. And then the additional language as to where a child sex offender can be. So the people were not reading it as limited as to only child sex offenders. Well, as a matter of at least the first signature, and we'll deal with the second one in a moment, again, consistent with Pierce, there is, this doesn't do anything to help the police or doesn't do anything to acknowledge the accuracy of the information. So it would appear to be confusing and surplus, correct? You're talking any signature at all or the second? On the front page. On the front page. How does it, sir, it, if it's not acknowledging that the information is correct, and it doesn't say that, and if it is not being used to verify information that's on the first page, what's its purpose on the form at all? That I cannot answer, Your Honor. Okay. On the second page, or the back page, whichever, you know, where it, the issue, if we are not sure whether or not Mr. Owens is a child sex offender, what's the purpose of that signature? Again, the purpose of the signature is to verify the accuracy of the information provided. We do know that this is being looked at by more than just the person who is taking in the information. So we're not going to have, as the information travels, to identify the person who is taking another officer within the state. They're not going to have met the defendant and necessarily see that he has provided the identification. And also, you know, this is, he is now responsible for what is on the form. I know that the courts have looked at, like in Molnar, if we now come back and say, he was extended 10 years because of the failure to register as defined by the act. And this extends it, and he comes back and say, well, on this form, I never signed it. So I never had notice because this is not my signature. That is another reason why the signature requirement is important. And I do not remember, Your Honor, whether both of the, both the Pierce and Brock case, whether they were child sex offenders or not, when the courts were looking at the requirement for registration, including the signed writing. Okay, now let's, in looking through and preparing for today, I went to the indictment count two. And the indictment alleges that the defendant refused to sign his personal signature to his registration form. The witness who testified, and I believe the only witness who testified, was a state police officer who has some responsibility for reviewing these documents. And he was asked if he was there at the time that Mr. Owens was at the DeKalb Police Department. And he, and his answer, here's what he was asked. Sergeant, were you present at the time Mr. Owens filled out any of the registration forms that Ms. Ennis, who I assume was the assistant state's attorney, provided to you this afternoon? Answer, no, I wasn't. How is it proven that he refused to sign his personal signature on this form based upon the evidence presented at trial? Based upon the evidence, we're looking at the fact that the evidence that was used for this was the fact that he claimed this was his new signature, but none of the other forms before or after contained this signature. So it was, could be rejected as not a credible statement by the defendant, by the trial court. And the choice, again, we're looking at the choice of the protest being used here, um, was evidence of the fact that he was not going to comply with putting his name. But the state has the burden to prove beyond a reasonable doubt that this, the, or the charge in this indictment is correct. The fact that he signed a different name a year before and signed that same name a year after does not necessarily... Less, less, less, well, it was less than a month before and less than a month after. Right. And name changes do occur in a courtroom as opposed to other places, correct? I believe so, your honor. Did the state present any evidence that he had not changed his name by that January 19th date, um, that he refused to sign his personal signature to the registration form? There was no evidence of that other than coming back less than a month later, he was back to the same signature he was using in December. All right. All right. Thank you, Ms. Joseph and, uh, Justice Burkett. I have no additional questions at this time. Justice Brennan. Uh, assuming that the defendant is required, uh, by a combination of three and eight to provide a signature and that he did not do so, uh, what say you, uh, to this argument that, um, the failure to provide the signature in the context of all the other information accurately provided, including the defendant's photo, renders that absence, if you will, immaterial for purposes of, uh, Section 10's penalty? Um, I do need, sorry that I don't have Section 10 in front of me. I know, I can only recall that parts of Section 10 were considered required in knowing and willful, and parts required was a strict liability. And unfortunately, I cannot remember the specific breakdown of 10. Um, as far as whether it's under the strict liability part of that, um, not meeting the requirement is not meeting the requirement. Um, if we're looking at willful and knowing, we do have evidence here that, um, he knew he had to sign it, and he knew what to sign before and after. As far as materiality, materiality, um, as I, as was stated before, we, um, this is a specific requirement that was dictated by the legislature, um, that we are using to verify the accuracy of the information. We, we don't want people coming in, um, and signing these for other people, um, creating, I mean, But every single person who registers provides a photo at the time of registration. And I presume if I was in law enforcement, I'd much rather compare the photos than the signatures, and the photos are online, are they not? Certainly more so than the signatures. They would be, Your Honor. I I mean, the signatures are not online, but the photos are. They are. Um, but again, we are looking at, um, we don't know necessarily, like I said, the photo isn't going to tell us that the person has accepted and acknowledged the provisions of the form. Um, that is the materiality aspect of it that we, that the person needs to know, realizing that this form is missing a date. I do recognize that, Your Honor. But the rest of the provisions, it is material to know that they have, um, accepted and acknowledged that part of the registration. Thank you, Justice Burkett. I have no additional questions. Thank you, Justice Burkett. Um, just briefly, Ms. Joseph, the indictment, or the charging documents, did not include Section 8, correct? They did not, Your Honor. Isn't that a problem for the state? I mean, if the defendant is looking at, um, Section 3, as opposed to Section 8, how would he know that he's required to sign? The people maintain that the, where it says there is a duty to register, that the Section 8 then becomes the definitional instruction for what a registration requires. That's all I have. Thank you. Ms. Gelnick, rebuttal. Thank you. Thank you, Your Honor. Uh, I would just point out, first of all, as Justice Hutchinson pointed out, that if you look at the first page of the form, it doesn't include any kind of acknowledgement as to what the signature of the registrant signifies. It's just the signature line. If you look at the back page of the form, with the box that contains the line for the signature, it specifically says immediately I have read or had read to me the above requirements. It has been explained to me. I understand my duty to register next on or before with a blank. But in that instance, it appears that the purpose of the signature and the initials up above, which he did initial everything, is to ensure that the registrant has notice of his obligations under the act, so that you can't thereafter assert that I didn't know that I had to register a person when I changed my address. I didn't know that I had to, that if I violate this, I'd be extended for another 10 years and so on. And in fact, the legislative, the administrative regulations of the state police, which I've cited the administrative code relating to the Sex Offender Registration Act, that seems to be precisely the purpose for requiring the signature and the initials by the registrant, that he's given notice of what his obligations under the act are, not that he's confirming the accuracy of the information, which of course, in this case, there is no dispute that everything he listed on the form was accurate. And if he gave material false information, he would be subject to a class three felony violation for that. So it's covered by the legislature in another subsection of the act. The state says that the registration in sect discussion of registration in section eight is the definitional article for the Registration Act. Well, there's a separate subsection, section two of the act, which is called definitions. And yet at that part of the act, there's no definition of register. If they wanted to define it, they should have defined it there. And in fact, that was one of the problems that the Pierce Court noted that the act is certainly not a model of clarity and nor is it a model of consistency, not included the requirement of a signature with your full and true name is not included in section three. Why isn't it included in section three if it's an element of that offense? The only final thing I would talk about is that the Ms. Joseph was asked, what does the legislature require this require sign signed writing for? In fact, it requires a sign writing only as provided by the state police, the state police require a sign writing to ensure that the offender has noticed. Other than that, the purpose of this was served. They knew where he was. They knew who he was. The signature didn't add anything. It didn't violate any specific provision of section three. And we would ask that Mr. Owens conviction be reversed. Thank you. I'm sorry. Any questions? Justice Sessions? No, I don't have any at this time. Thank you, Justice Burkett. Nor do I, Justice Burkett. Nor do I. The court thanks both parties for the quality of your arguments today. The case will be taken under advisement. A written decision will be issued in due course. The court stands adjourned. Subject call. Thank you. Thank you.